**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-30088**

_____

RUDY O. YOUNG, on behalf of A. Angelle, Inc., Chapter 7 Trustee,

Appellee-Cross-Appellant,

VERSUS

HIBERNIA NATIONAL BANK, formerly known as Calcasieu
Marine National Bank of Lake Charles,

Appellant-Cross-Appellee,

VERSUS

AMERICAN HONDA FINANCE CORPORATION,

Appellee-Cross-Appellee-Cross-Appellant,

and

WALTER UMPHREY; JEFF BRANICK,

Appellees-Cross-Appellees,

* * * * *

HIBERNIA NATIONAL BANK, formerly known as Calcasieu
Marine National Bank of Lake Charles,

Appellant-Cross-Appellee,

VERSUS

AMERICAN HONDA FINANCE CORPORATION,

Appellee-Cross-Appellee-Cross-Appellant,

and

WALTER UMPHREY; JEFF BRANICK,

Appellees-Cross-Appellees,

VERSUS

RUDY O. YOUNG, on behalf of A. Angelle, Inc., Chapter 7 Trustee,

Appellee-Cross-Appellant,

* * * * *

AMERICAN HONDA FINANCE CORPORATION,

Appellee-Cross-Appellant,

VERSUS

HIBERNIA NATIONAL BANK, formerly known as Calcasieu
Marine National Bank of Lake Charles,

Appellant-Cross-Appellee.

---

Appeals from the United States District
Court for the Western District of Louisiana
(98-CV-1727)

---

February 29, 2000

Before POLITZ and DAVIS, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:[**]

We affirm the judgment of the district court affirming the bankruptcy court's opinion in this matter, essentially for the reasons stated both by the district court and the bankruptcy court in their thorough opinions, except as to one issue.

Neither the bankruptcy court nor the district court resolved American Honda Finance Corporation's ("AHFC") claim that it is entitled to a conversion judgment based on the proceeds from used car sales which were received by Hibernia National Bank

---

[*] Judge of the United States Court of International Trade, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2

("Hibernia") from the Debtor.  We find no reason to set aside the lower courts' conclusion that Hibernia did not have a purchase money security interest ("PMSI") in the used cars pursuant to La. Rev. Stat. Ann. § 10:9-107 (West 2000), and that AHFC had a first ranking security interest in the used car proceeds.[1]  But the bankruptcy court did not proceed further and find AHFC's proceeds were or were not converted by Hibernia.  While neither party offers an explanation for the lack of a judgment for either party as to this claim, Hibernia asserts, alternatively, as it did before the district court, that if it did not have a PMSI, a conversion judgment should not be entered against it because the payments it received were made "in ordinary course," pursuant to Comment 2(c) to La. Rev. Stat. Ann. § 10:9-306 (West 2000).[2]

The court remands this matter for a determination of AHFC's claim against Hibernia for conversion of used car proceeds.  Upon remand, this court's opinion in ITT Commercial Fin. Corp. v. Bank of the West, may be of assistance in analyzing the complicated facts of this case, particularly if it becomes necessary to determine whether Hibernia knew, or should have known, that AHFC had a first ranking security interest in the used cars.  See 166 F.3d 295, 308 (5th Cir. 1999) (interpreting Texas UCC and

---

[1]  Hibernia appealed the determination that it lacked a PMSI as to the used cars.  AHFC appealed the absence of a conversion judgment in its favor as to used car proceeds.

[2]  The bankruptcy court should consider whether it should hear Hibernia's alternative argument, which Hibernia apparently did not raise until AHFC appealed the lack of a conversion judgment to the district court.  Because of the muddled record on this issue, we cannot conclude that this issue was waived.

determining that for purposes of Comment 2(c) to § 9-306, "a payment is within the 'ordinary course' if made in the operation of the debtor's business and if the recipient of the payment acted in good faith and without knowledge of or recklessness about whether the payment violated a third party's security interest.")

Accordingly, we REMAND this case to the district court for further proceedings consistent with this opinion.